Eli Baccarat.               No. 7 8 9 5 .

-vs-                        Court of Appeal.

Pierre J. M. Soulagnet.     Parish of Orleans.

------------------

Dinkelspiel. J.

------

Dinkelspiel. J.

Plaintiff, holder and owner of a promissory note, signed by defendant, for the sum of $101.61, with interest at the rate of 6% per annum, from 11th. of February, 1919 until paid together with 10 % on the amount to be collect-ed as Attorney's fees, brought this suit and prayed for judgment accordingly.

Defendant substantially admits the allegations of the petition, but avers, that plaintiff, a Life Insurance Solicitor, called upon him for the purpose of selling him life insurance in the Pan American Life Insurance Company, representing to defendant that he could sell him a $3.000.00. policy in said company for a yearly premium of $101.61, and that said policy would have attach-ed to it dividend coupons payable yearly begining one year from the date of said policy ; further represented, that if defendant pay said premiums continously for fifteen years and allowed the Insurance Company to retain all of said dividends for that period of time at the expiration of twenty years from the date of the policy, the company would pay $ 3.000.00. in cash, and if defendant withdrew said dividends he, defendant, would have to pay the same yearly dividends premiums for five years longer, say for twenty years, but at the end of twenty years, he defendant would collect $3.000.00. in cash, and plaintiff further represented to defendant that before the expiration of said fifteen or twenty years the full amount of $3.000.00. would be paid to his wife, the beneficiary of the policy, in case of death.

Defendant avering furhher, that being a frenchman, and not very familiar with the english language, the repres-entations made to him by plaintiff were in the french language, and defendant being satisfied to purchase

221

life insurance under the above terms and conditions signed an application for said insurance, annexing a photograhic copy of both the application and the policy to his answer. That, thereupon, defendant gave plaintiff the note now sued on as the first year premium on said life insurance before said policy was delivered to him, and that he was given a receipt therefor, also annexing the receipt to his answer.

That plaintiff delivered the policy to defendant in latter part of February or the begining of March, 1919, which had been issued by the Pan American Life Insurance Company, and that defendant not being familiar with the english language and relying on the representations which had been made to him by plaintiff took said policy without reading it placing it among his papers.

That before the maturity of the note now sued on, defendant had occasion to tell a Life Insurance Solicitor for another company that he had a policy of insurance in the Pan American Life Insurance Company. That said Solicitor seeing the policy and examining same then ascertained that he would have to pay said premium of $101.61. for thirty-seven years, and to allow alldividends and coupons to accumulate with the insurance company for that period of time before he would be paid the $3.000.00., and that at the expiration of that time and under these conditions defendant would be paid.

That the policy which had been delivered to him by plaintiff was not the policy which plaintiff had sold to him, nor would he have purchased the policy in question which had been delivered to him.

That when plaintiff called upon him, defendant, for the payment of said note, shortly after its maturity, defendant told him that he had not delivered the policy

222

of insurance which plaintiff sold him and which he had bought from plaintiff, and defendant still insisting that defendant would receive $3.000.00. in cash, at the end of twenty years under the policy which had been delivered to him, that defendant told plaintiff at that time, that he did not want said policy because it was not what he had bought, and offered to return said policy to plaintiff upon the return of his note, but that plaintiff refused this offer.

Defendant specially pleads a release and discharge of all obligation or liability upon the note herein sued upon, because of plaintiff's failure to deliver to defendant the insurance policy which he had sold him. Hence defendant prays for judgment.

The policy of the Pan American Life Insurance Company in question, No. 44507, was made spyable to the wife of the applicant and is marked on the outside, " Twenty payment life. Optional Premium Reductions. Non Participating"., and containing on the inside and part of the policy, plainly in large print, the exact conditions under which the policy was issued and attached to it are various coupons and a table in dollars and cents showing from year to year what the beneficiary if alive would receive and what he was entitled to in case of non collection, and in every clause of the policy in question absolute good faith of its terms and conditions are plainly set forth so that he who runs may read.

The main contention, after all, is misrepresentation. That the policy in question for which the note was given was not such as represented and therefore a fraud had been committed on defendant.

The able and learned Judge of the lower Court before whom this case was tried, in an able, short concise and

logical opinion, after patiently listening to the evidence in this case has presented us with his written views, which we adopt, and are as follows;-

"- This is a suit on a Note given in payment of the premium on an insurance policy. It appears that plintiff solicited the policy of defendant, and when it was issued took the note at three months for the amount and himself paid the insurance company the premium, presumably less his commissions as agent.

This is the suit on the note and a defence of want of consideration and a deception. It appears that both parties are in absolute good faith. In fact, I see no reasons from the testimony of plaintiff and defendant and his wife, to doubt that they firmly believe their own statements, but at that it shows that defendant did not understand exactly what contract he entered into. In the meantime he has received the benefit of an entire years life insurance, while the contract in his possession shows that he was under an erroneous impression. It seems to me that he has not been defrauded, but was neglegent in repudiating the contract, before he received it's benefits and can not now make such claim. This, added to the further fact, that I am impressed by the appearant good faith and honesty of plaintiff, convinces me that he is entitled to judgment."

We are convinced that there is utter lack of proving ought of the misrepresentations alleged to have been made falsely by plaintiff to defendant. It is a strange

224

coincident that both the wife, the beneficiary in this case, and the husband who say they do not speak english testified in that language, and from their testimony we are convinced that they thoroughly understood all the clauses in the policy in question delivered to them by this agent and plaintiff in this case. That there was no deception of any kind or character, on the contrary, the policy proves that the statements made by this agent were in every respect truthful, honorable and worthy of belief in any Court of Justice and so did the Judge of the lower Court decide, and so we hold.

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be, and the same is hereby affirmed with costs of both Court to be paid by defendant.

*Judgment Affirmed*